UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN RENEE MAY, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:21-cv-00236-JPH-DML |
| KRISTIN DAUSS, | ) ) ) |
| Defendant. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Susan Renee May is a prisoner currently incarcerated at the Indiana Women's Prison in Indianapolis, Indiana. She filed this civil action after she was injured when Dr. Kristin Dauss abruptly discontinued her high dose psychiatric medication.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen her complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint alleges that Dr. Dauss took all inmates at Indiana Women's Prison off their psychiatric medication, without first tapering the doses. Ms. May alleges that she was prescribed a high dose of medication and warned Dr. Dauss "that it was not a good idea" for her to miss her medication because she is "extremel[y] violent when unmedicated." Dkt. 1 at p. 2. When the medication was discontinued immediately, Ms. May went through withdrawal and ended up in lock up for a disciplinary write-up. *Id.* She names the Indiana Women's Prison and Dr. Dauss as defendants. She seeks one million dollars in damages. *Id.* at 4.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted. The claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

**First**, Indiana Women's Prison is **dismissed** for failure to state a claim upon which relief can be granted because it is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

**Second**, the claim that Dr. Kristin Dauss was deliberately indifferent to Ms. May's serious medical need for psychiatric medications in violation of the Eighth Amendment shall proceed as submitted. Similarly, the claim that Dr. Dauss was negligent and committed medical malpractice by discontinuing Ms. May's prescribed medications shall also proceed as submitted.

These claims against Dr. Dauss are the only viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, she shall have **through July 7, 2021,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Dauss in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Defendant Dr. Dauss is understood to be an employee of Wexford of Indiana, LLC. A copy of this Entry and the process documents **shall also be served on Wexford electronically**. Wexford is **ORDERED** to provide the full name and last known home address of the defendant if she does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 6/10/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SUSAN RENEE MAY
212628
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Dr. Dauss – MEDICAL EMPLOYEE
Indiana Women's Prison
727 Moon Road
Plainfield, IN  46168

Electronic service to Wexford of Indiana, LLC